UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EUGENE J. CUNNINGHAM,

        Petitioner,

v.                                  Case No. 5:04-cv-056-Oc-10GRJ

DONALD A. MCKELVY, etc., et al.,

        Respondents.

## ORDER DENYING PETITION

Petitioner is a District of Columbia (D.C.) prisoner confined at the United States Penitentiary of the Federal Correctional Complex is Coleman, Florida.  On February 2, 2004, Petitioner initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  The Petitioner seeks to have good time credits applied to his life sentence and alleges that failure to apply the credits violates his constitutional Due Process rights.  On April 19, 2004, Respondent filed a Response asserting that Petitioner is not entitled to the relief he seeks and that the Petition should be denied.  (Doc. 5).  On May 5, 2004, Petitioner filed a reply.  (Doc. 6).   This case is ripe for review.[1]

---

[1] The Petition, the Response to the Petition and the record submitted with the Response, Petitioner's Reply, and the other pleadings demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record.  See Habeas Rule 8(a).  Pursuant to Habeas Rule 1(b) of the "Rules Governing Section 2254 Cases," the Court has discretion to apply the Rules to habeas corpus petitions under §2241.

## Merits of Petition

The United States Court of Appeals for the District of Columbia has already rejected Petitioner's claim. In Cunningham v. Ridley, 954 F. 2d 760 (D.C. Cir. 1992), the Court of Appeals, based on the decision of the D.C. Court of Appeals in Winters v. Ridley, 596 A.2d 569 (D.C. 1991),[2] denied Petitioner the good time credits he seeks. The Cunningham court stated:

> [The Winters court] determined that the "notwithstanding" clause of §22-2404(b) applied to subsequent, as well as existing, laws. [The Winters court] held that the GTCA did not apply to the minimum twenty-year sentence imposed on persons convicted of first- degree murder under the D.C. Code. For inmates to prevail on this appeal, we would have to take a contradictory position from that of the D.C. Court of Appeals. That we cannot do.

Id. at 763.

Thus, the instant Petition is successive. See Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir. 1990)(previously adjudicated issues are barred by the successive writ rule and the abuse of the writ doctrine). Furthermore, because Petitioner is not entitled to the credit he seeks, there is no due process violation. See Moss v. Clark, 886 F.2d 686, 692(4th Cir. 1989)(denying good time credits to prisoners sentenced under D.C. law and housed in federal prisons did not violate due process).

---

[2]The Winters court found persons sentenced under § 22-2404(b) not eligible for credits under the Good Time Credit Act (GTCA). D.C. Code § 22-2404 states in pertinent part:
>   Penalty for murder in the first and second degrees.
>   (a) The punishment of murder in the first degree shall be life imprisonment.
>   (b) Notwithstanding any other provision of law, a person convicted of first-degree murder and upon whom a sentence of life imprisonment is imposed shall be eligible for parole only after the expiration of 20 years ...

## **Conclusion**

For the reasons stated herein, as well as the reasons set forth by the Respondents in their Response, the Petition is **DENIED with prejudice**. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 22nd day of February 2007.

_____
UNITED STATES DISTRICT JUDGE

c:   Eugene Cunningham
     Counsel of Record